

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Solovyeva v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Solovyeva v. Atty Gen USA" (2006). *2006 Decisions.* Paper 592.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/592

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 05-2576 and 05-2577

———

IRINA SOLOVYEVA and
STANISLOV SOLOVYEVA,

Petitioners,

v.

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency Nos. A 95 479 071 and A 95 479 072

———

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2006

Before: BARRY, VAN ANTWERPEN, and SILER[*], <u>Circuit Judges</u>.

(Opinion Filed: August 15, 2006)

____

OPINION

____

---

[*] The Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

**SILER,** <u>Circuit Judge</u>

Irina and Stanislov Solovyeva, mother and son, petition this court for a review of a Board of Immigration Appeals ("BIA") order affirming a prior order of an immigration judge ("IJ") denying their claims for asylum and withholding of removal. We will deny the petition for review.

Petitioners are ethnic Russian citizens of Kazakhstan. They arrived in the United States on non-immigrant visas in 2001, which they overstayed. During joint removal proceedings under 8 U.S.C. § 1227(a)(1)(B), they conceded removability but applied for asylum under 8 U.S.C. § 1101 *et seq.*, withholding of removal under 8 U.S.C. § 1231 *et seq.*, and for protection under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16 *et seq.*, on the basis of their status as members of an ethnic minority. The IJ found parts of Irina's testimony incredible, that Stanislov had not demonstrated past persecution, and that neither had demonstrated a well-founded fear or probability of future persecution.

Petitioners appeal only the denial of their asylum and withholding of removal claims. We review the BIA's decision for substantial evidence, upholding it "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001). Here, the IJ's determination that Stanislov had not been persecuted in the past and that neither Petitioner had demonstrated a well-founded fear or likelihood of future persecution was supported by substantial evidence.

To prevail on a claim for asylum, an applicant has to demonstrate an inability or

2

unwillingness to return to one's country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. . . ." *Id.* at 482. To prevail on a claim for withholding of removal, the applicant must establish that he more likely than not will be persecuted in the country of deportation because of his "race, religion, nationality, membership in a particular social group or political opinion." *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003). An applicant who fails to prove that he has a well-founded fear of future persecution necessarily fails to prove the likelihood of future persecution. *See Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir. 2003).

To establish eligibility for asylum on the basis of past persecution, an applicant must show (1) one or more incidents that rise to the level of persecution; (2) which occurred because of his membership in a statutorily-protected class; and (3) is committed by the government or by forces that the government is either unable or unwilling to control. *See Abdulrahman v. Ashcroft,* 330 F.3d 587, 592 (3d Cir. 2003). Here, the IJ correctly found that Stanislov's isolated beating by a small group of Kazakh children, and the harassment allegedly suffered by his family thereafter, did not amount to past persecution. Actions that rise to the level of persecution include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir. 1993). Stanislov's beating was not life-threatening, as the record shows that he was able to leave the hospital and return to the care of his parents just hours after

3

treatment. Moreover, the record shows that the students responsible for his beating were investigated and sent to juvenile detention.

The IJ also found that Petitioners failed to demonstrate a well-founded fear of, or likelihood of, future persecution based upon the country reports from the U.S. Department of State, which are typically referenced in cases such as this. *See, e.g., Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005). While the reports did discuss preferential treatment for ethnic Kazakhs for the highest level government positions, there were no other reports of economic discrimination. The reports also noted heightened nationalism, but there were no discussions of extra-judicial killings, kidnappings, violence or systematic harassment of ethnic Russians. Moreover, Petitioners conceded that their Russian relatives, including Irina's husband and parents, still live in Kazakhstan and have not suffered ill treatment. Therefore, nothing in the record compels a result different from the IJ's. *See Abdille*, 242 F.3d at 483-84.[1]

Petition DENIED

---

[1] This conclusion also precludes the need for us to address the IJ's adverse credibility finding as to Irina's past persecution. *See Kayembe v. Ashcroft*, 334 F.3d 231, 235 (3d Cir. 2003) (affirming BIA's determination that country reports provided substantial evidence of lack of probability of future persecution, despite the presumption created by evidence of past persecution).